under Cates' evidence, he was not making any disturbance which would justify Cates in interfering with his liberty in any manner. There is no basis on which to find Cates was protected by official immunity.

Cates also contends that the restraint of Wilton by placing him in the jail cell was not against Wilton's will. This is refuted by the testimony of Wilton when he clearly said that he did not want to be placed in the jail cell.

■ Cates finally contends that Instruction No. 6 was erroneous because it failed to require a finding of malice on the part of Cates. This instruction was the verdict director on the claim of false imprisonment in the form of MAI–3rd 23.04 (1983 revision) and submitted to the jury that it could return a verdict in favor of Wilton if it found Cates intentionally restrained Wilton against his will. Because the instruction was in MAI it was required to be given. Moreover, it was not necessary for Wilton to prove malice as a part of his false imprisonment claim. *Teel v. May Dep't Stores Co.*, 348 Mo. 696, 155 S.W.2d 74, 77[1–3] (1941).

The judgment is affirmed.

All concur.

**L.T. THOMAS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41569.**

Missouri Court of Appeals,
Western District.

Aug. 15, 1989.

L.T. Thomas, Mineral Point, pro se.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before GAITAN, P.J., and
MANFORD and ULRICH, JJ.

MANFORD, Judge.

This appeal is presented pro se following a hearing upon a Rule 29.15 motion wherein movant was represented by counsel. The hearing court denied relief.

This appeal is dismissed for the following reasons:

There is no jurisdictional statement, no statement of facts, and no points relied upon. Presentment of the appeal violates Rule 30.06 and Rule 84.04. In addition, movant presented 42 various claims in his motion which involved trial error and ineffectiveness of counsel. The trial errors are not cognizable by a Rule 29.15 motion. The claims of ineffectiveness of counsel were previously addressed by direct appeal. There remains nothing for this court to review.

Appeal dismissed.

All concur.

**Vernon Eugene HUBBARD,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41311.**

Missouri Court of Appeals,
Western District.

Aug. 15, 1989.

Larry E. Kinnamon, Jr., Asst. Public Defender, St. Joseph, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and MANFORD and ULRICH, JJ.

### ORDER

PER CURIAM:

Direct appeal from the denial of post-conviction relief sought pursuant to Rule 27.-26.[1]

Judgment affirmed. Rule 84.16(b)

**Norman David ECCARIUS, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 41145.**

Missouri Court of Appeals, Western District.

Aug. 15, 1989.

William L. Webster, Atty. Gen., Mary Browning, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Barbara Harris Pape, Columbia, for respondent.

Before SHANGLER, P.J., TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Norman David Eccarius filed an application for a hardship driving privilege. The court granted such privilege for a year from September 1, 1988. The Director of Revenue appeals and contends that Eccarius was not entitled to the hardship privilege because he had been twice convicted of driving while intoxicated, as defined by § 577.010.1, RSMo 1986, within five years. Reversed.

Eccarius filed an application for a hardship driving privilege and alleged that his driver's license had been revoked on March 22, 1984, as a result of two DWI convictions within five years. The petition alleged the first conviction was on November 23, 1981, and alleged that five years had expired from that time since the petition

---

**1.** These proceedings are within the former Rule 27.26 because the matter was pending prior to January 1, 1988.